UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PORTFOLIO RECOVERY
ASSOCIATES LLC,

    Plaintiff,

v.                                    Case No. 8:25-cv-1174-TPB-TGW

SUSAN JILL REVRSKI,

    Defendant.
_____/

**ORDER REMANDING CASE**

This matter is before the Court *sua sponte* on Defendant Susan Jill Reverski's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from an action filed by Plaintiff Portfolio Recovery Associates LLC on June 23, 2023, in the Polk County Court. According to the complaint, Defendant obtained and used a Comenity Capital Bank/Synchrony Bank/Paypal credit card and made purchases, but she failed to pay the balance of $9,609.04.[1] On May 6, 2025, Defendant attempted to remove the case from state court.[2] In the notice of removal, Defendant contends that jurisdiction is proper because the case presents federal questions arising under the Fair Debt Collection Practices Act, Americans with Disabilities Act, and "constitutional violations of due process and equal protection."

---

[1] Plaintiff purchased the account and is the successor in interest.
[2] Based on the filing date of the state court complaint, this removal appears untimely. *See* 28 U.S.C. § 1446(b).

This matter does not belong in federal court. Under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a complaint in state court pursuant to state law. Although Defendant did not include copies of the state court filings with her notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to damages depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted).

To the extent Defendant attempts to rely on her "counterclaim" (Doc. 2), it is well-settled that defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action – instead, federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002). As such, the Court lacks federal question jurisdiction.

Defendant also appears to contend that removal is proper based on diversity jurisdiction. However, even if the parties were diverse, the amount in controversy does not exceed $75,000.[3] Moreover, as a purported citizen of Florida, Defendant would not be permitted to remove the case due to the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2) (Civil action otherwise removable solely based on diversity "may not be removed if any of the parties in interest properly joined and served. . . is a citizen of the State in which such action is brought.").

Because there is no basis for subject matter jurisdiction, this case is due to be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the County Court in and for Polk County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of May, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] Defendant does not clearly identify the citizenship of Plaintiff, only claiming that it is a "foreign" corporation. This allegation is not sufficient to establish citizenship for the purpose of evaluating diversity.